**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LARRY COCHRAN,               *

Petitioner,                  *

v.                        *     Civil Action No. CCB-21-2388

H. ALLEN BEARD,          *

Respondent.             *
                         ***

**MEMORANDUM OPINION**

In this petition filed pursuant to 28 U.S.C. § 2241, self-represented petitioner Larry Cochran is challenging his sentence imposed in the United States District Court for the Northern District of Indiana for possession with intent to distribute, five grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and is seeking release from incarceration.[1]  This is the third § 2241 petition Cochran has filed in this court and the second challenging his judgment of conviction.[2]  *See Cochran v. Maldonado*, Civil Action JKB-21-154 (D. Md. October 7, 2021) (dismissed for abuse of the writ); *Cochran v. Warden*, JKB-21-220 (D. Md. August 3, 2021) (dismissed for lack of jurisdiction), *appeal docketed*, No. 21-7264 (4th Cir. Sept. 1, 2021).  For reasons discussed below, the court concludes the petition is properly considered as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and must be dismissed for lack of jurisdiction.

---

[1] On January 25, 2008, Cochran was sentenced to a term of 405 months, followed by five years of supervised release. The sentence was reduced to 327 months pursuant to the Fair Sentencing Act and the U.S. Sentencing Commission's adoption of Amendment 782.  On May 30, 2019, the sentence was reduced under the First Step Act to 240 months to be followed by three years of supervised release.  *See Cochran. v Warden,* JKB-21-220 (D. Md. August 3, 2021), ECF 28 at 4 (citations omitted), *appeal docketed*, No. 21-7264 (4th Cir. Sept. 1, 2021).

[2] Cochran is cautioned future filings may be subject to prescreening before docketing if he continues to file duplicative petitions.

**I**. **Background**

Cochran, who is presently incarcerated at the Federal Correctional Institution-Cumberland,

argues that he is entitled to federal habeas relief under the "savings clause" as set forth in 28 U.S.C.

§ 2241(e) because his sentence was "erroneously issued." ECF 1-1 at 3. Specifically, he asserts

that after direct appeal and the filing of his first § 2255 motion, a retroactive change in the law

rendered his sentence unlawful, resulting in a "fundamental defect" in his sentence. *Id*. Further,

Cochran asserts that he was charged by a "fatally defective indictment" because it failed to state

an offense or conduct that violated the Controlled Substances Act, 21 U.S.C. § 841(a)(1). *Id.* at 3.

In his first §2255 motion, Cochran argued he was charged by a defective indictment. The

United States District Court for the Northern District of Indiana found Cochran's contention that

the indictment was defective meritless, and the motion was denied and dismissed. *United States

v. Cochran*, 2:06 CR 114, 2009 WL 4638836 (N.D. Ind. Nov. 30, 2009); certificate of appealability

denied, *United States v. Cochran*, 2:09 CV 275, 2010 WL 11636213, (N.D. Ind. Jan 19, 2010).

Cochran proceeded to submit a host of filings for post conviction relief in the Northern

District of Indiana and the United States Court of Appeals for the Seventh Circuit, prompting the

appellate court to issue a show cause notice that stated:

> [B]ecause our prior warning did not deter Cochran, we direct him to show
> cause why we should not fine him $500 pursuant to Federal Rule of Appellate
> Procedure 38. We also warn Cochran that cases such as this one are subject
> to dismissal in the district court as unauthorized collateral attacks. Should he
> persist in his attacks on his sentence, he risks sanctions and a filing bar under
> *Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997).

*Cochran v. Warden*, JKB-21-220 (D. Md. August 3, 2021), ECF 28 at 5-6; ECF 11-1, dkt. entry

474) *appeal docketed*, No. 21-7264 (4th Cir. Sept. 1, 2021).

More recently, on February 8, 2021, the United States Court of Appeals for the Seventh

Circuit denied Cochran's application to authorize a successive motion under 28 U.S.C. § 2255, in which he had argued his indictment was invalid, on grounds similar to those he presents here.  The Seventh Circuit noted that after his first § 2255 motion and application for certificate of appealability were denied, Cochran unsuccessfully pursued five motions to reopen § 2255 proceedings and made two further requests for a certificate of appealability.  The appellate court stated:

> Cochran now applies for authorization to file a successive collateral attack. He contends that the indictment was invalid because it used the phrase "crack cocaine"—a phrase that does not appear in Schedule II's list of controlled substances. He also says that his original § 2255 proceedings should be reopened because, back in 2009, the district court did not address all of his claims. Neither argument meets the standard for a successive collateral attack.  Specifically, neither of them rests on new evidence proving Cochran's actual innocence, or on any new constitutional rule that the Supreme Court has made retroactive.  (And for what it is worth, although Schedule II does not use the term "crack," crack cocaine nonetheless is a variant of "cocaine" covered by Schedule II).

*Cochran v. United States*, No. 21-1210, (7th Cir. February 8, 2021). Accessed on PACER, https://pacer.uscourts.gov (viewed September 29, 2021); *see also Cochran v. Warden*, JKB-21-220, ECF 11-1 at dkt.  #700.

In JKB-21-220, Cochran argued that he was entitled to federal habeas relief under § 2241 because cocaine base and crack cocaine do not constitute controlled substances under 21 U.S.C. § 841(a)(1), and he was actually innocent of the offense for which he was convicted.  This court adopts by reference the facts and background of Cochran's criminal conviction and sentencing, appeal and post conviction proceedings outlined by Chief Judge Bredar in his memorandum opinion issued in JKB-21-220 at ECF 28, and will repeat this information only as necessary to provide context to resolve the instant petition.

Here, Cochran acknowledges the similarity of the instant petition to the one he filed in

JKB-21-220, distinguishing them with the explanation that the "supporting evidence is the same/Issues are not."  ECF 1-1 at 3, 7.  Cochran maintains that his earlier petition in this court challenged his conviction, whereas the instant petition challenges the execution of his sentence by alleging that he is serving a sentence for a conviction which "does not subject [him] to any criminal penalties, sanctions, or imprisonment."  ECF 1-1 at 7.

## II. Discussion

A prisoner's challenge to a federal conviction and sentence ordinarily must be filed by way of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed in the sentencing court.  *Farkas v. Butner*, 972 F.3d 548, 554 (4th Cir. 2020); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Attacks on the execution of a sentence are properly raised in a § 2241 petition.  *Id*. at n. 5. "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. § 2241(a); 28 U.S.C. § 2255(a).  After a prisoner has filed one unsuccessful § 2255 motion, "he may not file another except under very limited circumstances."  *Lester v. Flournoy,* 909 F.3d 708, 710 (4th Cir. 2018).  Before filing a "second or successive motion," the prisoner must receive permission from the court of appeals by making a prima facie showing that either (1) "newly discovered evidence" proves he was not guilty of his offense or (2) a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" entitles him to relief. 28 U.S.C. § 2255(h); *see also id*. § 2244(b).

The statutory provision commonly called the "savings clause" provides an exception by permitting a prisoner to file a habeas petition under 28 U.S.C. § 2241 if it "appears that the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C.

§ 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("It is only when '§ 2255 provides inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241.").

"[T]o prevent the exception from swallowing the rule" and "effectively nullify[ing] § 2255's specific limitations," the "savings clause" is narrowly interpreted. *Farkas*, 972 F.3d at 556 (internal quotation marks omitted) (quoting *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000). The "savings clause" cannot be used solely to evade the gatekeeping requirements and procedural bars of § 2255. Section 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a [Section] 2255 motion." *In re Vial*, 115 F.3d at 1194 n. 5 (internal citations omitted). Further, the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective" is borne by the petitioner. *See Anderson v. Andrews*, 707 F. App'x 790 (4th Cir. 2018); *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, Civ. No. ICB-11-0261, 2014 WL 670850 (S.D. W. Va. Feb. 20, 2014), aff'd, 573 F. App'x 268 (4th Cir. 2014). Therefore, the court must address whether Cochran has satisfied the "savings clause" so that he can present his claims in this § 2241 petition.

The Fourth Circuit has held that the saving clause is satisfied when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Cochran argues that in *DePierre v. United States,* 564 U.S 70, 81-82 (2011), the Supreme

Court in dicta "revealed that Cochran's charged conduct and conduct of conviction were not criminal under the statute." ECF 1-1 at 6. He explains that in *DePierre*, the Supreme Court clarified the meaning of the terms "knowingly" and "controlled substance" in the Controlled Substances Act, 21 U.S.C. § 841(a)(1) and posits that this "supports the facts that Cochran's charged conduct and conduct of conviction are not criminal" and do not subject him to criminal penalty or imprisonment. ECF 1-1 at 6. Cochran's reliance on *DePierre,* for the proposition that his sentence is invalid is misplaced. In *DePierre* the Court held that the term "cocaine base" in 21 U.S.C. § 841(b)(1) refers not just to crack cocaine, but all cocaine derivatives in chemically basic (i.e., alkaloid) form. *Id.* at 89. *DePierre* stands for the propositions that "crack cocaine" is one of several forms of "cocaine base" and that Congress made a deliberate decision in its 1986 amendments to the Controlled Substances Act to punish the trafficking of cocaine in its powder/salt form less harshly than trafficking in cocaine in its alkaloid/basic form. *Id.* Further, Cochran's position that his sentence is unlawful because neither crack cocaine nor cocaine base are specifically listed in 21 U.S.C. § 812, ignores that Schedule II of § 812, in addition to listing banned substances in subsection (b), prohibits all forms of "cocaine, its salts, optical and geometric isomers, and salts of isomers" at subsection (a)(4). Notably, Cochran does not claim that the substances he was found guilty of possessing with intent to distribute were without such forms of cocaine.

Cochran's reference to *McFadden v. United States,* 576 U.S. 186 (2015), also does not satisfy the requisites for the "savings clause." In *McFadden*, the Court confirmed that § 841(a)(1) "requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal schedules." 576 U.S. at 192. *McFadden* does not warrant review of the instant petition pursuant to the "savings clause." Cochran provides no evidence that he was

convicted of an offense that has been decriminalized to satisfy the requirements of the "savings clause."

Cochran has not met his burden to satisfy the requisite elements of the "savings clause." Accordingly, this collateral challenge to his federal sentence is properly considered under § 2255 and will be dismissed for lack of jurisdiction.

## III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Cochran's petition fails to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## IV. Conclusion

For the above stated reasons, this case will be dismissed without prejudice for lack of jurisdiction. A separate order follows.

  11/9/21                                                /S/                                    
Date                                          Catherine C. Blake
                                              United States District Judge